UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENIFER ALDAY, | ) | |
| TINA JOHNSON, | ) | |
| NANCY RICE, | ) | |
| KATHERINE PATTERSON, and | ) | |
| ERIN GRIMES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1415 RWS |
| | ) | |
| ORGANON USA, INC., et al, | ) | Case No. 4:08MD1964 RWS |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On July 1, 2009, Plaintiffs filed a lawsuit against Defendants in the State Court of Christian County, State of Missouri, Case No. 09CT-CV00720. Plaintiffs sued for their injuries allegedly caused by their use of the prescription drug NuvaRing. Defendants removed the case to the United States District Court for the Western District of Missouri, Southern Division on July 30, 2009. Defendants filed a motion in that court, under Fed. R. Civ. P. 21, to drop some Plaintiffs from the case as improperly joined.

The case was transferred to this Court on September 3, 2009 as part of the In re NuvaRing MDL matter before this Court. Defendants' motion to dismiss the misjoined parties has recently been fully briefed. Because some Plaintiffs have been improperly joined in this action they will be dismissed from this action.

Plaintiffs joined in one suit filed in Missouri state court. They allege they have been harmed by their use of the drug NuvaRing. The only Plaintiff who is a Missouri resident is Jenifer Alday. The remaining Plaintiffs are non-Missouri residents who incurred their injuries

outside the State of Missouri. Tina Johnson is a citizen of Ohio, Nancy Rice is a citizen of Illinois, Katherine Patterson is a citizen of Michigan, and Erin Grimes is a citizen of Alabama.

Defendants have moved to dismiss the non-resident Plaintiffs from this suit as improperly joined under Fed. R. Civ. P. 21. Plaintiffs respond that they are all properly joined in this suit under the permissive joinder of partied under Fed. R. Civ. P. 20.

Rule 20(a)(1) states that "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

"Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

In the present matter Plaintiffs' injuries did not arise out of the same transaction or occurrence. Each Plaintiff was injured at different times in different states allegedly from their use of NuvaRing that was presumably prescribed by different healthcare providers. Nor are Plaintiffs' injuries all the same. As a result, the joinder of the claims of the non-Missouri resident Plaintiffs with the claims of the Missouri resident Plaintiff was a misjoinder of parties in this suit. See Boschert v. Pfizer, Inc., 2009 WL 1383183, 3 (E.D. Mo. 2009 May 14, 2009)(finding misjoinder where plaintiffs' only assertion of "same transaction" was that they took the same drug and were injured.)(citing McNaughton v. Merk & Co., 2004 WL 5180726, at *2 (S.D. N.Y. Dec.17, 2004) (rejecting argument that alleged failure to warn consumers and

doctor of the potential harms of Vioxx satisfied the requirements of Rule 20(a)). In re Prempro Prods. Liab. Litig., 417 F. Supp.2d 1058, 1059 (E.D. Ark.2006) (finding plaintiffs were not properly joined where the only thing common among them was that they took a similar drug); In re Diet Drugs Prods. Liab. Litig., 294 F. Supp.2d 667, 679 (E.D. Pa.2003) (same); In re Baycol Prods. Liab. Litig., 2002 WL 32155269, at *2 (D. Minn. July 5, 2002) (finding, in a case involving an anti-cholesterol drug, that "the fact that defendants' conduct is common to all of plaintiffs' claims and that the legal issues of duty, breach of duty and proximate cause and resulting harm are common do not satisfy Rule 20's requirements"); In re Rezulin Prods. Liab. Litig., 168 F. Supp.2d 136, 144 (S.D.N.Y.2001) (finding misjoinder because plaintiffs, who ingested the same drug, had different exposures to the drug, different injuries, and different medical histories); In re Diet Drugs Prods. Liab. Litig., 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (dropping misjoined plaintiffs from different states whose only commonality was ingestion of the same drugs in question)).

Under Federal Rule of Civil Procedure Rule 21, misjoinder is not grounds for dismissal of an action, but "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Plaintiffs have filed a motion to file a sur-reply in which they assert generally that dismissal of the non-resident Plaintiffs "will *most likely* work a prejudice to Plaintiffs by *potentially* exposing them to new limitations arguments based on the extension of limitations from July 1, 2009 filing date of this matter to whatever new date occurs in the future if the plaintiffs are dismissed." Plaintiffs have not provided any information to the Court that supports the suggestion that any of the particular non-resident Plaintiffs' claims will be subject to a statute of limitations bar.

Plaintiffs suggest that the non-resident Plaintiffs claims should simply be severed and

renumbered within the MDL case.  No case may be filed directly in the MDL case.  A plaintiff must file a case where jurisdiction is proper.

Under 28 U.S.C. § 1391(a), when jurisdiction is founded only on diversity of citizenship, as in the present case, the action may be brought **only** in 1)  a judicial district where any defendant resides, if all of the defendants reside in the same State; 2)  a judicial district where a substantial part of the events giving rise to the claim occurred; or 3)  a judicial district in which the defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought.

Based on the foregoing, jurisdiction is not proper in the Eastern District of Missouri for the claims of the non-resident Plaintiffs in this matter.

As a result, I find it appropriate and just to drop the claims of the non-Missouri residents from this action.  The claims of Tina Johnson, Nancy Rice, Katherine Patterson, and Erin Grimes, therefore, will be dismissed without prejudice. These four Plaintiffs are free to re-file their separate individual complaints against Defendants in the court of their choosing. Of course, if they choose to re-file in federal court, they must satisfy the jurisdictional, pleading, and venue requirements of federal law and the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to drop and dismiss the claims of Tina Johnson, Nancy Rice, Katherine Patterson, and Erin Grimes based on misjoinder [#5] is **GRANTED**.  These claims are dismissed without prejudice.

**IT IS FURTHER ORDERED that** Plaintiff Jenifer Alday shall have twenty days from the date of this Memorandum and Order to file an amended complaint with allegations specific to her claims only.

**IT IS FURTHER ORDERED that** Plaintiffs' motion to file a sur-reply [#19] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants' motion for a hearing of the their motion to drop and dismiss [#13] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2009.